NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRAD PATRICK DONOHUE, | No. 18-35784 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00788-MC |
| v. | |
| VARGO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Former Oregon state prisoner Brad Patrick Donohue appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004).  We affirm.

The district court properly granted summary judgment because Donohue failed to raise a genuine dispute of material fact as to whether defendants acted in conscious disregard to Donohue's shoulder injuries or that any delay in Donohue's treatment resulted in significant injury.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (deliberate indifference claim based on delay of medical treatment must show that the delay led to significant injury).

**AFFIRMED.**